**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| CHRISTOPHER SCOTT, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| BIGBEAR.AI HOLDINGS, INC., PETER | ) **FEDERAL SECURITIES LAWS** |
| CANNITO, SEAN BATTLE, PAMELA | ) |
| BRADEN, RALUCA DINU, PAUL | ) **JURY TRIAL DEMANDED** |
| FULCHINO, JEFFREY HART, DOROTHY D. | ) |
| HAYES, AVI KATZ, KIRK KONERT, and | ) |
| AMANDA LONG, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff Christopher Scott ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against BigBear.ai Holdings, Inc. ("BigBear" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed combination of the Company and Pangiam Intermediate Holdings, LLC ("Pangiam"), a direct, wholly owned subsidiary of Pangiam Ultimate Holdings,

LLC ("Seller").[1]

2.      On November 4, 2023, BigBear entered into an Agreement and Plan of Merger (the "Merger Agreement") with Pangiam, Seller, and the Company's wholly-owned subsidiaries, Pangiam Merger Sub, Inc. ("Merger Sub") and Pangiam Purchaser, LLC ("Purchaser"). The Merger Agreement provides that BigBear and Pangiam will combine, with all equity securities of Pangiam converted into the right to receive a number of shares of BigBear common stock equal to $70,000,000 in the aggregate (based on a price per share of BigBear common stock of $1.3439 which represents the 20-day VWAP for BigBear common stock ending on the trading day immediately prior to the date of the Merger Agreement).[2]

3.      The Company's corporate directors subsequently authorized the January 29, 2024, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

[2] The Merger Agreement requires the Company to issue additional shares of its common stock (the "Share Issuance"). As a New York Stock Exchange ("NYSE") listed company, BigBear is required by NYSE listing rules to secure stockholder approval before issuing twenty percent or more of its outstanding common stock. The Proposed Transaction is thus contingent upon BigBear stockholders voting to approve the proposed Share Issuance.

is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5.    For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.    Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.    Plaintiff is, and has been at all times relevant hereto, the owner of BigBear common stock.

_____

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for February 27, 2024.

10.     Defendant BigBear is a Delaware corporation with its principal executive offices located at 6811 Benjamin Franklin Drive, Suite 200, Columbia, Maryland 21046.  BigBear's shares trade on the NYSE under the ticker symbol "BBAI."  BigBear is a leading provider of artificial intelligence ("AI")-powered military and business intelligence solutions.  The Company's AI-powered military and business intelligence solutions are leveraged across its Cyber & Engineering and Analytics business segments in three core markets: global supply chain and logistics; autonomous systems; and cybersecurity.  The Company's Cyber & Engineering segment provides high-end technology and management consulting services, focusing on cloud engineering and enterprise information technology, cybersecurity, computer network operations and wireless, systems engineering, as well as strategy and program planning.  The Analytics segment provides high-end technology and consulting services, focusing on big data computing and analytical solutions, including predictive and prescriptive analytics solutions.  BigBear's customers include federal defense and intelligence agencies, manufacturers, third party logistics providers, retailers, healthcare, and life sciences organizations.

11.     Defendant Peter Cannito ("Cannito") is and has been Chairman of the Board and a director of the Company at all times relevant hereto.  Defendant Cannito is an Operating Partner of AE Industrial Partners, LP ("AEIP"), the controlling equity holder of Pangiam, which holds 65.1% of the Company's outstanding common stock.

12.     Defendant Sean Battle is and has been a director of the Company at all times relevant hereto.

13.     Defendant Pamela Braden ("Braden") is and has been a director of the Company at all times relevant hereto.  Defendant Braden is an Operating Partner of AEIP.

14.     Defendant Raluca Dinu is and has been a director of the Company at all times relevant hereto.

15.     Defendant Paul Fulchino is and has been a director of the Company at all times relevant hereto.

16.     Defendant Jeffrey Hart ("Hart") is and has been a director of the Company at all times relevant hereto.  Defendant Hart is a Partner at AEIP.

17.     Defendant Dorothy D. Hayes is and has been a director of the Company at all times relevant hereto.

18.     Defendant Avi Katz is and has been a director of the Company at all times relevant hereto.

19.     Defendant Kirk Konert ("Konert") is and has been a director of the Company at all times relevant hereto.  Defendant Konert is a Managing Partner at AEIP.

20.     Defendant Amanda Long is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

21.     Has Defendants identified in paragraphs 11-20 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

22.     On November 6, 2023, the Company announced in relevant part:

COLUMBIA, MD.— November 6, 2023 — BigBear.ai (NYSE: BBAI), a leading provider of AI-enabled business intelligence solutions, today announced a definitive merger agreement to acquire Pangiam Intermediate Holdings, LLC (Pangiam), a leader in Vision AI for the global trade, travel, and digital identity industries, for approximately $70 million in an all-stock transaction.  The combined company will create one of the industry's most comprehensive Vision AI portfolios, combining Pangiam's facial recognition and advanced biometrics

with BigBear.ai's computer vision capabilities, positioning the company as a foundational leader in one of the fastest growing categories for the application of AI. The proposed acquisition is expected to close in the first quarter of 2024, subject to customary closing conditions, including approval by the holders of a majority of BigBear.ai's outstanding common shares and receipt of regulatory approval.

Today, over 20 US Government Defense and Intelligence customers and 160 Commercial enterprises leverage BigBear.ai's predictive analytics capabilities. The Pangiam acquisition will expand BigBear.ai's customer base and service offerings to major airlines, airports and identity-verification companies, and significantly increase its contract portfolio with customers at the Department of Homeland Security and U.S. Customs and Border Protection.

"Vision AI has long been considered the holy grail of applied AI because of its potential to perceive and interact with the world in a human way," said Mandy Long, CEO, BigBear.ai. "BigBear.ai's acquisition of Pangiam will create one of the industry's most comprehensive Vision AI portfolios, combining capabilities in support of both localized and global scale environments. The integration of these two businesses will result in significant operational benefits for our shared customers."

"The combination of Pangiam and BigBear.ai will position our combined companies to vault solutions currently available in market," said Kevin McAleenan, CEO of Pangiam. "With our shared mission and a complementary customer base and product set, our teams will be able to pursue larger customer opportunities, enhance our technology development, and accelerate our growth. We're thrilled to soon join the BigBear.ai team."

### The Materially Incomplete and Misleading Proxy Statement

23.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on January 24, 2024. The Proxy Statement, which recommends that BigBear stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for Pangiam and the pro forma company (b) the financial analyses underlying the fairness opinion provided by the special committee of the Board's ("Special Committee") financial advisor Ernst & Young Investment Advisers LLP's ("E&Y") f; and (c) potential conflicts of interest faced by E&Y.

***Material Misrepresentations and/or Omissions Concerning the  Financial Forecasts for Pangiam and the Pro Forma, Combined Company***

24.     The Proxy Statement fails to disclose material information concerning Pangiam's financial forecasts, including the unlevered free cash flows that each of Pangiam's "Government Business" and "Commercial Business" were forecasted to generate, and the unlevered free cash flows related to recurring cost reductions and non-recurring incremental costs that the Proposed Transaction was forecasted to generate (the "Synergies"), during the period from October 25, 2023 to December 31, 2023 through the end of calendar year 2027.[4]

25.     The Proxy Statement also fails to disclose a summary of the "Forecasts" and "Estimated Synergies" prepared by BigBear management and reviewed at an August 14, 2023, Audit Committee meeting, as well as a summary and quantification of the changes made to the August 14, 2023 "Forecasts" and "Estimated Synergies" to arrive at the financial projections relied upon by EY in connection with rendering its fairness opinion.[5]

26.     The Proxy Statement fails to disclose all line items underlying Pangiam's forecasted Governmental EBITDA and Commercial EBITDA.

***Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by E&Y***

27.     The Proxy Statement fails to disclose material information concerning the financial analyses prepared by E&Y.

---

[4] The "Government Business" is defined as Pangiam's development, security, and operations services supporting U.S. Federal Government programs.  Proxy Statement at 39.  The "Commercial Business" is defined as Pangiam's business of providing facial recognition, object detection software subscriptions, licenses, training, implementation, and consulting services. *Id.*  E&Y relied upon these forecasts in connection with its respective discounted cash flow analyses of Pangiam and the Synergies.

[5] *See id.* at 32.

28.     As to the sum-of-the-parts *Discounted Cash Flow Method* analysis of Pangiam performed by E&Y,  the Proxy Statement fails to disclose: (a) the terminal values for each of the Government Business and Commercial Business; and (b) normalized EBITDA of the Government Business at the end of 2027, used to calculate the terminal values.

29.     As to the sum-of-the-parts *Discounted Cash Flow Method* analysis of the Synergies performed by E&Y,  the Proxy Statement fails to disclose the terminal values.

30.     \With respect to the *Guideline Public Company Method* analysis and *Guideline Transactions Method* analysis performed by E&Y, the Proxy Statement fails to disclose the respective, individual financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

**Material Misrepresentations and/or Omissions Concerning E&Y's Potential Conflicts of Interest**

31.     The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by E&Y, including the compensation the financial advisor has received or expects to receive for providing "certain audit, tax, transaction advisory, business consulting and other advisory (not involving audit or tax) services to [BigBear] and its affiliates[.]"[6]

32.     The omission of the above-referenced information renders statements in the "Certain Forecasts," "BBAI Management Forecasts," "Estimated Cost Synergies, "Opinion of BBAI's Financial Advisor," and "Background of the Mergers" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

33.     Absent disclosure of the foregoing material information prior to the stockholder

---

[6] *Id.* at 44.

vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and BigBear**

34.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  BigBear is liable as the issuer of these statements.

36.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of BigBear within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of BigBear and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

46.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and

disseminate the material information identified above to Company stockholders;

        B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

        C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

        D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        E.     Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  February 12, 2024         **LONG LAW, LLC**

        By:    */s/ Brian D. Long*
           Brian D. Long (#4347)
           3828 Kennett Pike, Suite 208
           Wilmington, DE 19807
           Telephone: (302) 729-9100
           Email: BDLong@LongLawDE.com

           *Attorneys for Plaintiff*